■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEONARD J. ARTONIO, ROBERT J. HUGHES and PETER F. VON LANGE, Respondents.— Consolidated appeals by the People from an order of the County Court, Nassau County, entered May 23, 1972 after a hearing, which dismissed two indictments, one against defendant Artonio and one against the other two defendants, Hughes and Von Lange, upon the ground that defendants had not been afforded a speedy trial. Order reversed, on the law; defendants' motions to dismiss the indictments denied; and indictments reinstated. Defendants were arrested on January 23, 1971, pursuant to a felony complaint charging them with forcibly stealing $8 with the use of a billy club. They were released on bail on the same day and remained at liberty throughout these proceedings. On December 10, 1971 they were indicted for robbery in the first degree, grand larceny in the third degree and possession of a weapon, dangerous instrument and appliance as a misdemeanor. One of the defendants was arraigned on the indictment on December 20, 1971 and the other two were arraigned on January 14, 1972. All pleaded not guilty. By three notices of motion, two dated January 18, 1972 and one February 4, 1972, defendants moved to dismiss the indictments pursuant to CPL 210.20, 30.20 and section 12 of the Civil Rights Law, upon the ground that defendants had been denied a speedy trial as guaranteed by the Sixth Amendment of the Constitution of the United States. A hearing was conducted to determine whether the pre-indictment delay herein was reasonable. The County Court, while conceding the serious problem of calendar congestion in Nassau County and approving the People's system for evaluation of cases to determine the priority of their presentment to the Grand Jury, held that the People had disregarded that system by not earlier presenting the case to a Grand Jury; that the delay of 10 months and 17 days between the date of arrest and the date of indictment was attributable to the prosecution; and that the People had failed to sustain the burden of proving that good cause existed to justify the delay. Accordingly the County Court dismissed the indictments. In our opinion, the County Court erred and abused its discretion in dismissing the indictments. The record, as adduced at the hearing, revealed that a serious case of calendar congestion existed in Nassau County during the interval in question; that there were far more serious and pressing cases that had to be presented; that a definite priority had to be given to jail cases and that the instant case could not have been used as a so-called "filler case". Throughout the 10½ month interval herein defendants were at liberty and on bail and never made any assertions of their right to a speedy trial. In their moving papers no specific claims of prejudice (e.g., loss of key witnesses) were demonstrated or even claimed. Under these circumstances, it is our opinion that defendants were not deprived of a speedy trial and that the indictments should therefore be reinstated (*People* v. *Ganci,* 27 N Y 2d 418; *United States* v. *Marion,* 404 U. S. 307; *Barker* v. *Wingo,* 407 U. S. 514). We have considered, and have found factually distinguishable, the recent decision of the Court of

Appeals in *People* v. *White* (32 N Y 2d 393), which held that the delay of 51 months in bringing the defendant therein to trial, without even an attempt by the People to excuse the delay, denied the defendant a speedy trial. Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.